IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 02 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

JOSEPH DRAEGO,

Plaintiff,
*Appearing Pro Se*

Civil Action No. 3:20CV00037

v.

RaShall M. Brackney, Chief of Police for the
City of Charlottesville;
Joseph D. Platania, Commonwealth's Attorney
For the City of Charlottesville.

Defendants.

## COMPLAINT

### PARTIES

1. Plaintiff

   Joseph Draego  730 Montei Dr. Earlysville VA. 22936

   ~~2703 Westmoreland Road, Charlottesville, Virginia 22901~~

   434-975-3737

   draego11@hotmail.com

2. a. Defendant No. 1

   RaShall M. Brackney

   Chief of Police for the City Of Charlottesville

   606 E Market Street

        Charlottesville, VA 22902

        434-970-3280

  b.    Defendant No. 2

        Joseph D. Platania

        Commonwealth's Attorney for the City of Charlottesville

        605 E Main Street , Room 331

        Charlottesville, VA 22902

        434-970-3176

## JURISDICTION and VENUE

3. This action arises under the First, Second, Sixth, Seventh, and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C § 1983. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343(a)(3) and (a)(4) and 28 U.S.C. §§ 2201 and 2202.

4. Venue is appropriate in this district and division pursuant to Local Rule of Practice 2(b) and 28 U.S.C. § 1391(b)(1) because one or more of the defendants reside in the district and division and all defendants are residents of the State in which the district is located. Joseph D. Platania and RaShall M. Brackney offices of official employment are located within the jurisdiction of the Western District of Virginia and the Charlottesville division. Also, venue is appropriate pursuant to Local Rule of Practice 2(b) and 28 U.S.C. § 1391(b)(2) because a substantial part of property that is the subject of the action is situated within the district and division. Mr. Draego's firearms are the subject of this action, and Mr. Draego keeps those firearms at his home which is located within this district and division.

5. Defendants Joseph D. Platania and RaShall M. Brackney are subject to personal jurisdiction within this judicial district because their official offices of employment are within the district.

## STATEMENT OF THE CLAIM

6. Plaintiff Joseph Draego is a Virginia citizen who has owned firearms since for over 15vyears and possesses a concealed handgun permit.

7. Defendant Joseph D. Platania is the Commonwealth's Attorney for the City of Charlottesville.

8. Defendant RaShall M. Brackney is the Chief of Police for the City of Charlottesville.

9. Plaintiff Draego has frequently voiced opinions viewed as controversial by the Charlottesville community and has become widely associated with such viewpoints. For example, Mr. Draego attended various protests advocating against the removal of a statute of General Robert E. Lee. Mr. Draego also spoke at a Charlottesville City Council meeting during the public comment period on June 20, 2016 opposing unchecked Muslim immigration. As a result of his fully expression, activists posted flyers around the city identifying Mr. Draego as a "local Nazi" and falsely claiming he is "known for. . . spewing anti-Muslim hate speech, is a close associate of Jason Kessler [the controversial organizer of the Charlottesville protests], is a known open and concealed firearm career...." Activists have made connections between Mr. Draego's views and his gun ownership. In a comment on Facebook on February 4, 2018, Lorena Barros described Mr. Draego as an "avowed Islamophobe" and highlighted the fact that he carried guns.

10. On April 8, 2020, the Commonwealth enacted Va. Code Ann. § 19.2-152.13 to 19.2-152.17, colloquially referred to as a "Red Flag Law," to go into effect on July 1, 2020.

11. Section 19.2-152.13 empowers any attorney for the Commonwealth such as Defendant Joseph D. Platania, or law enforcement officer such as RaShall M. Brackney, to apply to a general district court, circuit court, or juvenile and domestic relations district court for an "emergency substantial risk order." A court can grant an emergency substantial risk order upon a finding "that there is probable cause to believe that a person poses a substantial risk of personal injury to himself or others in the near future." To determine whether such probable cause exists, the court may consider "any relevant evidence," which would include a person's expressive conduct, speech, or viewpoint. The person against whom an emergency substantial risk order is sought is not entitled to be present during the court hearing, confront the witnesses against him, or have the assistance of counsel.

12. Once granted, the emergency substantial risk order will prohibit the person at issue from being able to purchase, possess or transport a firearm for a period of up to 14 days and require them to surrender any concealed handgun permit and relinquish any firearms in his or her possession to the law enforcement agency serving the order.

13. Section 19.2-152.14 empowers the circuit court, following a hearing, to issue a substantial risk order, extending the provisions of the emergency substantial risk order for up to 180 days. Such a hearing must take place no later than 14 days after an emergency substantial risk order was issued pursuant to § 19.2-152.13, and "the attorney for the jurisdiction that issued the emergency substantial risk order shall represent the Commonwealth." The Commonwealth must show by "clear and convincing evidence that the person continues to pose a substantial risk

of personal injury to himself or to other individuals in the near future by such person's possession or acquisition of a firearm."

14. Any person violating an emergency substantial risk order or a substantial risk order will be guilty of a Class 1 misdemeanor, disqualified from having a concealed handgun permit, and prohibited from being employed by a licensed handgun dealer.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Civil Rights Violation for Infringement Upon Plaintiff's Speech and Expression –
42 U.S.C. § 1983)

15. The phrase "any relevant evidence" in § 19.2-152.13 and §19.2-152.14 can include a person's speech or expressive activity. There is no limitation contained in the law that would limit speech that may be considered relevant in granting an emergency substantial risk order or substantial risk order.

16. Sections 19.2-152.13 to 19.2-152.17 allow the defendants to use Mr. Draego's viewpoints and speech as "any relevant evidence" to support the imposition of an emergency substantial risk order or a substantial risk order against him.

17. Mr. Draego plans to refrain from engaging in lawful expressive activity to avoid losing his ability to possess firearms, a right which is especially important to him. Sections 19.2-152.13 to 19.2-152.17 have chilled Mr. Draego's speech and will likely chill the speech of other law-abiding gunowners in the Commonwealth.

18. As a result, §§ 19.2-152.13 to 19.2-152.17 are constitutionally invalid as overbroad in violation of the First Amendment made applicable to the states through the due process clause of the Fourteenth Amendment.

## SECOND CAUSE OF ACTION
(Civil Rights Violation for Infringement Upon Plaintiff's Right to Bear Arms –
42 U.S.C. § 1983)

19.     The Second Amendment states that "the right of the people to keep and bear arms shall not be infringed."

20.     With some exceptions, Virginia allows its citizens to openly carry firearms. Mr. Draego also has a permit to carry a concealed firearm.

21.     Sections 19.2-152.13 to 19.2-152.17 give defendants the power to deprive Mr. Draego of his Second Amendment right to bear arms despite the fact he is not charged with any other criminal offense.

22.     As a result of §§19.2-152.13 to 19.2-152.17, Mr. Draego is both refraining from carrying a firearm as he is lawfully entitled to do and purchasing additional lawful firearms out of fear they will be confiscated subject to §§ 19.2-152.13 to 19.2-152.17.

23. Sections 19.2-152.13 to 19.2-152.17 infringe upon Mr. Draego's right to keep and bear arms under the Second Amendment made applicable to the states through the due process clause of the Fourteenth Amendment.

## THIRD CAUSE OF ACTION
(Civil Rights Violation for Violation of Plaintiff's Due Process Rights –
42 U.S.C. § 1983)

22.     Sections 19.2-152.13 to 19.2-152.17 allow the Commonwealth to consider "any relevant evidence" when imposing a substantial risk order, including evidence that would not be accepted in a civil or criminal trial.

23. As a result, §§ 19.2-152.13 to 19.2-152.17 violate Mr. Draego's due process rights under the Fourteenth Amendment.

## FOURTH CAUSE OF ACTION

(Civil Rights Violation for Violation of Plaintiff's Right to Confront Witnesses Against Him and Assistance of Counsel –
42 U.S.C. § 1983)

24. The Sixth Amendment provides that "In all criminal prosecutions, the accused shall…be confronted with the witnesses against him…and have the Assistance of Council for his defense."

25. The hearing for an emergency substantial risk order under §19.2-152.13 allows the Commonwealth to order the confiscation of Mr. Draego's lawfully owned firearms without affording him the right to a trial, the right to confront witnesses against him, or the right to counsel

26. As a result, § 19.2-152.13 violates the Sixth Amendment made applicable to the states through the due process clause of the Fourteenth Amendment.

## FIFTH CAUSE OF ACTION
(Civil Rights Violation for Violation of Plaintiff's Right to a Trial by Jury –
42 U.S.C. § 1983)

27. The Seventh Amendment provides that "where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States."

28. The value of Mr. Draego's firearms exceeds twenty dollars.

29. Section 19.2-152.13 allows the Commonwealth to confiscate Mr. Draego's firearms without affording him the right to a trial by a jury of his peers.

30. As a result, § 19.2-152.13 violate Mr. Draego's right to a jury trial under the Seventh Amendment.

## IRREPARABLE INJURY

31. Although Plaintiff Draego has committed no unlawful act, the passage of VA Code §§ 19.2-152.13 to 19.2-152.17 creates an immediate and irreparable harm by causing him to refrain from exercising his constitutional rights. This impact will exist even if no action is instituted against him under §§ 19.2-152.13 to 19.2-152.17 and, as a result, monetary damages will be impossible to calculate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joseph Draego requests the following relief against Defendants:

a. Preliminarily and permanently enjoin Defendants from requesting an emergency substantial risk order or a substantial risk order under Va. Code Ann. §§ 19.2-152.13 to 19.2-152.17 and/or enforcing the provisions of Va. Code Ann. §§ 19.2-152.13 to 19.2-152.17;

b. Other and further relief as the Court may deem just and equitable under the circumstances of this case.

## JURY DEMAND

Plaintiff Joseph Draego demands a trial by jury on all claims for which he has the right to trial by jury.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support of, if specifically so intensified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

    I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

Signed this 2nd day of July, 2020.

                                            Respectfully submitted,

                                            _____

                                            JOSEPH DRAEGO