**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

**JOSEPH DRAEGO,**

        **Plaintiff,**

**v.**                               **Civil Action No.: 3:20CV0037**

**RaSHALL M. BRACKNEY,**
**And**
**JOSEPH D. PLATANIA,**

        **Defendants.**

**BRIEF IN SUPPORT OF MOTIONS**
**TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO**
**RULE 12(b)(1) AND RULE 12(b)(6) OF DEFENDANT RaSHALL M. BRACKNEY**

       In support of her Motions to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant RaShall M. Brackney ("Brackney")  states that the allegations of the Complaint lack subject matter jurisdiction and fail to state valid claims upon which relief can be granted against her for the reasons set forth herein.

**STANDARD OF REVIEW**

     **1.**  **Motion to Dismiss Complaint Pursuant to Rule 12(b)(1).**

       The basis of federal jurisdiction of a case must appear from the face of the complaint. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 673 (1950); *Bowman v. White,* 338 F.2d 756 (4th Cir. 1968).  Federal Courts are courts of limited jurisdiction, possessing only those powers conferred by the Constitution or statute. *DiPaolo v. State Farm Fire & Cas. Co.,* 794 F. Supp. 2d 633 (E.D. Va. 2011). Subject matter jurisdiction is a threshold jurisdictional question

that must be alleged in the Complaint. Rule 12(h)(3); *Taubman Realty Group Ltd. P'ship v. Mineta*, 320 F.3d 475, 480 (4th Cir. 2003).

The burden to prove subject matter jurisdiction is on the plaintiff. *Miller v. Brown*, 462 F.3d 312, 316 (4th. Cir. 2006). At the pleading stage, the plaintiff must clearly allege facts demonstrating constitutional standing and ripeness in order to establish subject matter jurisdiction. *Sansotta v. Town of Nags Head,* 724 F. 3d 533, 548 (4th. Cir. 2013); *Doe v. Va. Dep't of Sate Police*, 713 F.3d 745, 758 (4th. Cir. 2013); *Spokeo, Inc., v. Robin*s, 1236 S. Ct. 1540, 1547 (2016).

Federal Rules of Civil Procedure Rule 12(b)(1) should be granted if the material facts are not in dispute. *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th. Cir. 2018).  Pursuant to Rule 12(b)(1), there are no disputes over the material facts in controversy in the present case because the allegations of the Complaint fail to establish subject matter jurisdiction. Pursuant to Brackney's facial attack upon the Complaint, the allegations of facts contained in the Complaint are assumed to be true. *Virginia v. United States,* 926 F. Supp. 537 (E.D. Va. 1995).

### 2.  <u>Motion to Dismiss Complaint Pursuant to Rule 12(b)(6).</u>

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678; <u>Twombly</u>, 550 U.S. at 556.  Factual allegations, although assumed to be true, must still "be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "[T]he factual allegations in the

complaint, viewed as a whole, [must] have facial plausibility that allow the court to draw reasonable inference that the defendants are liable for the misconduct alleged." *Tobey v. Jones*, 706 F.3d. 379, 387 (4th Cir. 2013), citing *Iqbal*, 556 U.S. at 678.  However, where the allegations are nothing more than legal conclusions or where the allegations permit the court to infer no more than a possibility of misconduct, the court should grant a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. Where a complaint pleads facts that are merely consistent with a defendant's liability it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*, at 678. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action will not do."

### 3.  Judicial Notice.

In considering the Rule 12(b)(1) or Rule 12(b)(6) motions, legislative history of the statute in question is not a matter beyond the pleadings but is an adjunct to the statute that may be considered by the court as a matter of law. *Anheuser -Busch, Inc. v. Schmoke,* 63 F.3d 1305, 1312 (4th Cir. 1995). In addition, the court may take judicial notice of matters of public record. *Lewis v. Newton,* 616 F. 3d 106 (4th Cir. 2015).

## STATEMENT OF FACTS

Draego identifies himself in his Complaint as a citizen of Virginia, a resident of Earlysville, an owner of firearms, and a possessor of a concealed gun permit.  ECF Doc. 1, p. 1 ¶ 1, p. 3, ¶  6.  Draego also alleges that he has frequently voiced opinions received as controversial, attended unspecified protests, spoken at a Charlottesville City Council meeting on June 20, 2016, been  identified by unidentified activists, posted flyers, is a known open and concealed firearms career (sic), and that unidentified activists have made unspecified connections between his views and his gun ownership.  ECF Doc. 1, p.3, ¶  9.

Draego alleges that the Commonwealth enacted Virginia Code §§ 19.2-152.13 to 19.2-152.17 (hereinafter the "Red Flag Law") which went into effect on July 1, 2020, the day preceding the filing of his Complaint.  ECF Doc. 1, p. 4, ¶ 10. Draego alleges that Va. Code Ann. § 19.2-152.13 empowers any law enforcement officer, such as Chief Brackney, to apply to a general district, circuit, or juvenile and domestic relations district court for an emergency substantial risk order and/or substantial risk order, and that upon a finding of probable cause to believe that a person poses a substantial risk of personal injury to himself or others in the near future by the court, it can grant  an emergency substantial risk order.  ECF Doc. 1, p.4, ¶ 11.

 Draego alleges that pursuant to Va. Code § 19.2-152.13, in order to determine whether such probable cause exists, a court may consider any relevant evidence which would include a person's expressive conduct, speech or viewpoint; that the person against whom an emergency substantial risk order is sought is not entitled to be present during the court hearing, to confront witnesses, or have the assistance of counsel; and that once granted, the emergency substantial risk order will prohibit the person in question from being able to purchase, possess or transport a firearm for period of up to fourteen days, require them to surrender any concealed handgun permit, and relinquish any firearm in his or her possession to the law enforcement agency serving the order.  ECF Doc. 1, p. 4, ¶¶ 11 and 12.

Draego also alleges similar arguments about the Va. Code § 19.2-152.14 provisions for issuing a substantial risk order for up to one hundred, eighty days based upon a finding of clear and convincing evidence that the person continues to pose a substantial risk of personal injury to himself or others in the near future.

## **ARGUMENT**

### **I.   ALL FIVE CAUSES OF ACTION IN THE COMPLAINT LACK SUBJECT MATTER JURISDICTION DUE TO LACK OF STANDING AND LACK OF RIPENESS.**

A.  <u>**All Five of the Causes of Action of the Complaint fail to state facts that are adequate to establish subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.**</u>

Assuming all factual allegations of the Complaint to be true, Brackney requests the Court to dismiss the entire Complaint, including but not limited to the First, Second, Third, Fourth and Fifth Causes of Action, due to the failure of the Complaint to state subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure for the following reasons. FRCP, Rule 12(b)(1) & 12(h)(3).

1.  <u>**Draego Has Failed to Establish Standing For All Five Causes of Action in the Complaint.**</u>

Article III of the U.S. Constitution limits the jurisdiction of federal courts in considering cases and controversies. In order to establish subject matter jurisdiction of his five claims Draego must establish that (1) he has  incurred an injury, (2) that it is caused by the conduct in question of Brackney, and (3) that is likely to be addressed by a favorable judicial decision. *Spokeo*, 136 S.Ct. at 1547.  For the same reasons as those set forth in ECF Doc. 10, Memorandum in Support of Defendant Platania's Motion To Dismiss, at pp. 9-16, Draego has failed to do so. ECF Doc 10, Memorandum in Support of Defendant Platania's Motion To Dismiss, at pp. 9-16, is incorporated by reference herein.

2.  <u>**The Five Causes of Action of the Complaint Are Not Ripe.**</u>

 Draego has also failed to establish that the five claims set forth in his Complaint are ripe for the jurisdiction of this Court. These five causes of action are not ripe because the facts alleged in the Complaint establish that there are no actual controversies or legal issues in existence between Drago and Brackney, but only the speculative future uncertainties alleged by Draego. *South Carolina v. U.S*., 912 F.3d 730 (4th Cir. 2013); *Doe v. Va. Dep't. of State Police*,

713 F3d, at 758.  All five claims should be dismissed because Draego has not yet incurred any of the five claims in question and has simply attempted to allege five constitutional violations that are totally speculative and uncertain. *Id.*  Having failed to allege that he is confronted with proceedings for substantial risk orders, Draego has failed to establish that any of his five claims for constitutional rights are ripe for adjudication.

## II. THE FIRST CAUSE OF ACTION IN THE COMPLAINT FAILS TO STATE SUBJECT MATTER JURISDICTION OR A PLAUSIBLE CLAIM FOR VIOLATIONS OF THE FIRST AMENDMENT PURSUANT TO 42 U.S.C. § 1983.

### A. The allegations of the First Cause of Action of the Complaint fail to state facts that are adequate to establish subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

In addition to the arguments and authorities set forth under Argument I above, Brackney requests the Court to dismiss the Complaint based upon the failure of the First Cause of Action of  the Complaint to state adequate facts that establish that this Court has subject matter jurisdiction of a valid cause of action for violations by Brackney of Draego's constitutional rights to free speech under the First Amendment or § 1983 for following additional reasons applicable to the First Cause of Action.

#### 1. Draego Has Failed To State a Valid First Amendment Claim by Alleging That His Speech Is Protected Speech and That It Was the Motivating Cause of Adverse Action Taken Against Him.

In order to establish a free speech claim under the First Amendment, Draego must establish that (1) the speech complained of was protected speech, and (2) that this protected speech was the "motivating" cause of adverse action taken against him.  *Mitchell v. Winston-Salem State Univ.*, W.L. 516537, at 23-26 (MDNC Mar. 30, 2020), citing *Munn-Goins v. Bd. of Trustees of Bladen County College*, 658 F.S.2d 713, 725 (E.D. NC 2009) citing *Wilkie v. Robbins,* 551 U.S. 537, 556 (2007).

In the First Cause Action set forth in the Complaint, Draego has not alleged that he has engaged in speech related to Va. Code §§ 19.2-152.13 to 19.2-152.17 that has been violated and that is protected by the First Amendment.  Draego alleges that he plans to refrain from engaging in "lawful expressive activity" in order to avoid losing his ability to possess firearms as a result of a speculative future legal proceeding and a speculative future judicial determination pursuant to Va. Code Ann. § 19.2-152.13.  ECF Doc. 1, pp. 4 and 5, ¶¶ 13 and 17. The speculative "lawful expressive activities" that Draego alleges he plans to undertake at some time in the future are not protected by the First Amendment. *Id* . See the authorities cited in Argument I above.  Draego's First Amendment claims are based upon speculative future activities which are contingent upon the commencement of a future legal proceeding, the conclusion of a future judicial determination, as well as Draego's future alleged "plans to refrain from engaging in lawful expressive activity to avoid losing his ability to possess firearms" on some unidentified future date. ECF Doc. 1, p. 5, ¶ 17. Virginia Code §§ 19.2-152.13 and 19.2-152.14 have not actually chilled Draego's speech.  Such "lawful expressive activity" is simply Draego's speculation of a mere possibility that is not protected by the First Amendment. *Id.*

Draego has not alleged that Brackney has undertaken any actions in her official capacity in order to file a petition pursuant Va. Code §§ 19.2-152.13 to 19.2-152.17 for an emergency substantial risk order against Draego on the grounds that he poses a substantial risk of personal injury to himself or others in the near future. Thus, for these reasons Draego's speculative "lawful expressive activity" is not the "motivating" cause of adverse action taken against him by Brackney because she has taken no such action, and he has not undertaken any lawful expressive activity.

**2.   Brackney Does Not Fall Within the Scope of § 1983.**

Brackney does not fall within the scope of § 1983 and she has no liability for any of her possible actions in her official capacity, although she undertook none. "Official capacity suits … generally represent only another way of pleading an action against the entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165.(1985); *Monell v. N.Y. City of Dep't. of Social Services*, 436 U.S. 658, 690 n. 55 (1978).

### B. <u>The allegations of the Complaint fail to state facts that are adequate to establish a plausible cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.</u>

All of the arguments and requests stated in Argument II(A) are referred to and incorporated by reference herein. For these reasons and herein, the allegations of the Complaint fail to state facts that are adequate to establish a plausible cause of action for violations by Brackney of any of Draego's constitutional rights to free speech under the First Amendment, or § 1983, or for injunctive relief against Brackney.

To establish a free speech claim under the First Amendment, Draego must establish that (1) the speech complained of was protected speech, and (2) that this protected speech was the "motivating" cause of adverse action taken against him. *Mitchell,* W.L. 516537, at 23-26*; Munn-Goins*, 658 F.S.2d, at 725; *Wilkie v. Robbins,* 551 U.S, at 556*.

In the First Cause of Action of the Complaint, Draego does not state that he has actually engaged in any protected speech relating to or arising out of his possession, use, or purchase of firearms, only that he "plans to refrain from engaging in lawful expressive activity in order to avoid losing his ability to possess firearms …" due to a future judicial proceeding that has never occurred. These speculative future possible actions by Draego and Brackney are not probable or plausible. The Complaint is completely lacking of any allegations that Draego has actually engaged in any speech that is protected or any adverse actions by Brackney in response thereto.

Draego has alleged no actions actually undertaken by Brackney that have caused any infringement of his First Amendment rights. Draego has not alleged that Brackney has actually applied to any court for any action against Draego pursuant to Va. Code §§ 19.2-152.13 to 19.2-152.17 for an emergency substantial risk order based upon a finding that Draego poses a substantial risk of personal injury to himself or others in the near future. Nor do these allegations state that Brackney has actually used Mr. Drago's viewpoints and speech as evidence to support the imposition of an emergency substantial risk order or a substantial risk order, or that Draego has actually refrained from engaging in lawful expressive activity to avoid losing his ability to possess firearms. Thus, neither the enactment of Va. Code §§ 19.2-152.13 and 19.2-152.14, nor the actions of Brackney have caused a violation of the protected speech of Draego.

In addition, Brackney enjoys sovereign immunity for all claims asserted in the Second Cause of Action of this Complaint. *Niese v. City of Alexandria,* 564 S.E. 2d 127, 132 (Va. 2002); *Carter v. Morris,* 164 F.3d 215, 221 (4th Cir. 1999).

Brackney also is entitled to qualified immunity because no constitutional violations occurred and no such violations have been clearly established. *Mitchell v. Winston-Salem State Univ.,* 2020 Lexis 54289, at p. 16 (U.S. Dist. Ct. Md. Dist. N.C.); *Wahi v. Charleston Area Med. Ctr., Inc.,* 562 F.3d 599, 615(4th. Cir. 2009).

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Twombly, 550 U.S. at 556.

The allegations of this Complaint are inadequate to raise a right to relief above the speculation. *Twombly*, 550 U.S. at 555. The factual allegations in the Complaint state numerous opinions and speculations about projections of future actions that have never actually occurred, and do not have facial plausibility that allows the Court to draw reasonable inferences that Brackney is liable to Draego for any violations of his right to free speech. *Tobey v. Jones*, 706 F.3d. 379, 387 (4th Cir. 2013), citing *Iqbal*, 556 U.S. at 678. The allegations of this Complaint are nothing more than speculative allegations of legal conclusions and possible actions in the future. The facts alleged are mere speculation and are not plausible entitlement to relief. *Id*, at 678.

III.  **THE SECOND CAUSE OF ACTION IN THE COMPLAINT FAILS TO STATE SUBJECT MATTER JURISDICTION OR A PLAUSIBLE CLAIM FOR VIOLATIONS OF THE SECOND AMENDMENT PURSUANT TO 42 U.S.C. § 1983.**

A.  **The Complaint fails to state facts that are adequate to establish subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.**

 In addition to the arguments and authorities set forth under Argument I above, Brackney requests the Court to dismiss the Complaint based upon the failure of the Second Cause of Action to state adequate facts that establish that this Court has subject matter jurisdiction of a valid cause of action for violations by Brackney of Draego's constitutional right to firearms under the Second Amendment or § 1983 for following additional reasons applicable to the Second Cause of Action.

1.  **Va. Code §§ 19.2-152.13 to 19.2-152.17 do not violate the Second Amendment.**

Va. Code §§ 19.2-152.13 to 19.2-152.17 and other similar statutes are examples of the longstanding "presumptively lawful regulatory measure" articulated in *District of Columbia v. Heller, supra*, 544 U.S. at 627 n. 26.  See, e.g. *San Diego v. Boggess*, 216 Cal. App. 4th 1494,

1505-1507, 157 Cal. Rptr. 3d 644 (2013) (holding that California statute allowing the state to seize firearms from persons detained for examination due to mental illness who are likely to cause a danger did not violate the Second Amendment); *Hope v. State of Connecticut,* 163 Conn. App. 36 (App. Ct. of Conn. 2016) (holding that a Connecticut statute similar to Va. Code §§ 19.2-152.13 to 19.2-152.17 did not violate the Second Amendment).

The U.S. Court of Appeals of the Fourth Circuit applies a two part test in Second Amendment claims. The first question is whether the challenged law imposes a burden on the conduct falling within the scope of the Second Amendment guarantee. *U.S. v. Chester,* 628 F.3d 673, 680 (4th Cir. 2010)*,* cited in *Hirschfeld v. BATFE,* 417 F. Supp. 3d 477, at 754. This inquiry seeks to determine whether the conduct was understood to be within the scope of the right at the time of ratification. If not, the law is valid. If the Second Amendment applies, courts apply an appropriate means-end scrutiny. *Hirschfeld,* at 755.  The Fourth Circuit precedent simplifies this two pronged analysis for prohibitions, like the present case, that are deemed "presumptively lawful." *Hirschfeld,* 417 F. Supp. 3d 477, at 755, citing *Hosford,* 843 F.3d at 165.

Like the provisions in *Hosford,* Va. Code §§ 19.2-152.13 to 19.2-152.17 are facially valid. These statutes only impose a mere condition or qualification on firearms which are not so prohibitive as to turn this condition or qualification into a functional prohibition on the ownership or use of firearms. *Hirschfeld*, 417 F. Supp. 3d, at 756, citing *Hosford*, 843 F.3d at 166. The restrictions imposed under Va. Code §§ 19.2-152.13 to 19.2-152.17 are consistent with the longstanding tradition of targeting select groups' ability to access and to use firearms  for the sake of public safety and on which the Supreme Court in *Heller* did not cast doubt. *Hirschfeld,* at 756, citing *Heller*, 554 U.S. at 626-27.

> **2. <u>Va. Code §§ 19.2-152.13 to 19.2-152.17 do not fall within the scope of the Second Amendment.</u>**

11

Draego has alleged that Brackney, as a law enforcement officer, the Chief of Police of the City of Charlottesville, was "empowered… to apply" for a substantial risk order by the enactment  of Va. Code §§ 19.2-152.13 to 19.2-152.17 and thereby violated Draego's Second Amendment rights. ECF Doc. 1, p. 3, ¶ 8; p. 4, ¶ 11.

However, the allegations of the Second Cause of Action of the Complaint do not state adequate facts in order to establish that Brackney filed a petition with a court pursuant to these statutes requesting that an emergency substantial risk order and/or substantial risk order be entered against Draego. The Complaint also lacks any allegations that Brackney has undertaken any actions relating to or arising out of any prosecution of Draego pursuant to Va. Code §§ 19.2-152.13 to 19.2-152.17 in order to impose an emergency substantial risk order or a substantial risk order against him.

### 3.  Brackney Does Not Fall Within the Scope of § 1983.

Brackney does not fall within the scope of § 1983 and she has no potential liability for any of her possible actions in her official capacity. Draego has alleged in his Complaint that Brackney, as a law enforcement officer, the Chief of Police of the City of Charlottesville, was "empowered" by Va. Code §§ 19.2-152.13 to 19.2-152.17 to file a petition against Draego pursuant to these statutes. ECF Doc 1, p. 3 and 4, ¶¶ 8 and 11. "Official capacity suits … generally represent only another way of pleading an action against the entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165.(1985); *Monell v. N.Y. City of Dep't. of Social Services,* 436 U.S. 658, 690 n. 55 (1978).  Brackney has no potential liability under § 1983 because as the Chief of Police of the City of Charlottesville acting as a public official Brackney does not fall within the scope of § 1983. *Id.*

### B.  The allegations of the Complaint fail to state facts that are adequate to establish

**a plausible cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.**

The arguments, authorities, and statements set forth in Argument Section III(A) above, are incorporated by reference herein. For the same reasons as those stated in this section, as well as the reasons stated herein, the allegations of the Second Cause of Action of the Complaint, do not state adequate facts in order to establish a valid cause of action against Brackney for violations of any of Draego's constitutional rights, including, but not limited to, Draego's rights pursuant to the Second Amendment or § 1983 or for injunctive relief against Brackney.

In order to establish a valid cause of action against Brackney for violations of Draego's constitutional rights pursuant to the Second Amendment or § 1983 or for injunctive relief against Brackney, Draego is required to allege that Brackney, while acting as the Chief of Police, undertook actions which violated his Second Amendment rights.

The allegations of the Second Cause of Action of the Complaint do not state adequate facts in order to establish that a petition has been filed with a court against Draego for an emergency substantial risk order and/or substantial risk order. The Complaint is completely lacking of any allegations that Brackney has undertaken any actions relating to or arising out of any prosecution of Draego pursuant to Va. Code §§ 19.2-152.13 to 19.2-152.17.

In addition, Brackney enjoys sovereign immunity for all claims asserted in the Second Cause of Action of this Complaint. *Niese v. City of Alexandria,* 564 S.E. 2d 127, 132 (Va. 2002); *Carter v.  Morris,* 164 F.3d 215, 221 (4th Cir. 1999).

Brackney is also entitled to qualified immunity because no constitutional violations occurred and no such violations have been clearly established. *Mitchell v. Winston-Salem State Univ.,* 2020 Lexis 54289, at p. 16 (U.S. Dist. Ct. Md. Dist. N.C.); *Wahi v. Charleston Area Med. Ctr., Inc.,* 562 F.3d 599, 615(4th. Cir. 2009).

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. The allegations of this Complaint, although assumed to be true, are inadequate to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. The factual allegations in the Complaint do not have facial plausibility that allows the Court to draw reasonable inference that Brackney is liable for the misconduct alleged. *Tobey v. Jones*, 706 F.3d. 379, 387 (4th Cir. 2013), citing *Iqbal*, 556 U.S. at 678. These allegations of this Complaint are nothing more than legal conclusions and allegations of possible misconduct. The facts alleged are mere possibility and not plausibility of "entitlement to relief." *Id*, at 678.

### IV.   THE THIRD, FOURTH, AND FIFTH CAUSES OF ACTION IN THE COMPLAINT FAIL TO STATE SUBJECT MATTER JURISDICTION OR PLAUSIBLE CLAIMS FOR VIOLATIONS OF THE SECOND, SIXTH, OR SEVENTH AMENDMENTS PURSUANT TO 42 U.S.C. § 1983.

#### A.   Counts III, IV and V of the Complaint fail to state facts that are adequate to establish subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

The title of the Third Cause of Action states that Va. Code §§ 19.2-152.13 to 19.2-152.17 are a "Civil Rights Violation for Infringement Upon Plaintiff's Right to Bear Arms" pursuant to the Second Amendment and 42 U.S.C § 1983, based upon the "Red Flag Law's" provision to allow the Commonwealth to consider "any relevant evidence."

The title of the Fourth Cause of Action states that Va. Code §§ 19.2-152.13 to 19.2-152.17 are a "Civil Rights Violation for Infringement Upon Plaintiff's Right to Confront Witness

Against Him and Assistance of Counsel" pursuant to the Sixth Amendment and 42 U.S.C §
1983, based upon the "Red Flag Law's" alleged failure to provide these two rights.

The title of the Fifth Cause of Action states that Va. Code §§ 19.2-152.13 to 19.2-152.17
are a "Civil Rights Violation for Infringement Upon Plaintiff's Right to a Trial By Jury"
pursuant to the Seventh Amendment  and 42 U.S.C § 1983, based upon the "Red Flag Law's "
alleged failure to provide that right.

In addition, the allegations of the Third, Fourth, and Fifth Causes of Action purport to
allege violations of infringement of Plaintiff's due process rights under the Second, Sixth, and
Seventh Amendments based up Draego's "Right to Bear Arms" pursuant to the Second
Amendment, 42 U.S.C. § 1983, and the provisions of Va. Code §§ 19.2- 152.13 to 19.2-152.17
which Draego alleges allow the Commonwealth to consider any relevant evidence in an
unidentified and completely unspecified court proceeding, as well as allowing the confiscation of
his firearms without affording him the right to legal counsel, the right to confront unidentified
witnesses, or the right to trial by jury.

In addition to the arguments and authorities set forth under Argument I and Argument
III(A) above, Brackney requests the Court to dismiss the Third, Fourth, and Fifth Causes of
Action of the Complaint based upon their failure to state adequate facts that establish that this
Court has subject matter jurisdiction of a valid cause of action for violations by Brackney of
Draego's constitutional rights to procedural due process under the Second, Sixth, and Seventh
Amendments or § 1983 for the following additional reasons applicable to the Third, Fourth and
Fifth Causes of Action.

Draego has alleged in the Third, Fourth, and Fifth Causes of Action of the Complaint that
when Va. Code §§ 19.2-152.13 to 19.2-152.17 went into effect on July 1, 2020, it empowered

any law enforcement officer, such as Brackney, to apply to any court for an emergency substantial risk order based upon a finding that a person poses a substantial risk of personal injury to himself or others in the near future.  ECF Doc. 1, p 4, ¶¶ 10 and 11.

However, these three Causes of Action do not state that Brackney has actually applied to any court for any action pursuant to Va. Code §§ 19.2-152.13 to 19.2-152.17. They are completely lacking of any allegations that Brackney has undertaken any actions relating to Draego.

 Allegations that Brackney could possibly commence a legal proceeding against him pursuant to Va. Code §§ 19.2-152.13 to 19.2-152.17 or that a judge could possibly allow the admission of his viewpoints or speech as evidence to support the imposition of an emergency substantial risk order or substantial risk order, probable cause, or other preliminary proceeding are speculative, opinion, conjecture, and are inadequate to establish a violation of Draego's due process rights under the Second, Sixth, or Seventh Amendments or § 1983.

In order to state valid procedural due process claims, Draego must not only have property subject to procedural due process protection, but he must also have a cognizable deprivation. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985); *Mitchell v. W-S State*, No. 1:19CV130, 2020, WL 1516537 at *12 (MD NC March 30, 2020), *Mansoor v County of Albemarle*, 124 F Supp. 2d 367, 380 (WD Va. 2000).  Draego has clearly not pled facts adequate to establish that he has incurred a deprivation of any property right.

## B.  The allegations of Counts III, IV and V of the Complaint fail to state facts that are adequate to establish a plausible cause of action pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.

All of the arguments stated in Arguments III(A) and IV(A) are referred to and incorporated by reference herein.  For the same reasons stated  in these Arguments, as well as for

the reasons stated herein, the allegations of the Complaint also fail to state facts that are adequate to establish a plausible cause of action pursuant to Rule 12(b)(6) of the violation of Draego's due process rights pursuant to 18 U.S.C. § 1983.

The Third, Fourth, and Fifth Causes of Action of the Complaint do not state adequate facts in order to establish that Brackney undertook actions that violated Draego's due process rights under the Second, Sixth, or Seventh Amendments, or § 1983, or for injunctive relief against Brackney.

In order to state a procedural due process claim, Draego must (1) demonstrate that he had a constitutionally cognizable property interest; (2) he must show that the deprivation of that interest was caused by some form of state action; and (3) he must prove that the procedures employed were constitutionally inadequate. *Sansolta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013), as cited in *Mitchell*, at 30.

The Third, Fourth, and Fifth Causes of Action of the Complaint do not state adequate facts in order to establish that Draego has incurred a deprivation of any property as a result of state action. Draego's allegations that Brackney could possibly commence a legal proceeding against him pursuant to Va. Code §§ 19.2-152.13 to 19.2- 52.17, or that a judge could possibly allow the admission of his viewpoints or speech as evidence to support the imposition of an emergency substantial risk order or substantial risk order, probable cause, or other preliminary proceeding are speculative, opinion, conjecture, and are inadequate in order to establish a deprivation of any of Draego's property rights under the Second, Sixth, or Seventh Amendments or § 1983.

In addition, the Third, Fourth, and Fifth Causes of Action of the Complaint do not state adequate facts in order to establish that that the procedures provided in Va. Code §§ 19.2-152.13

to 19.2-152.17 were constitutionally inadequate. Va. Code §§ 19.2-152.13 to 19.2-152.17 include provisions that are adequate in terms of meeting any due process requirements. The procedural deficiencies upon which Draego relies to support his due process claims are not constitutionally material or required.

Va. Code §§ 19.2-152.13 to 19.2-152.17 and other similar statutes are examples of the longstanding "presumptively lawful regulatory measure" articulated in *District of Columbia v. Heller*, *supra*, 544 U.S. at 627 n. 26.  See, e.g. *San Diego v. Boggess*, 216 Cal. App. 4th 1494, 1505-1507, 157 Cal. Rptr. 3d 644 (2013) (holding that a California statute allowing the state to seize firearms from persons detained for examination due to mental illness who are likely to cause a danger did not violate the Second Amendment).

Although the due process clause normally requires a court or public administrative hearing, the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.  *Id*, at 34, citing *Matthews v. Eldridge*, 424 U.S.391 333 (1976).  This predetermination hearing need not be elaborate.  *Id*., citing *Cleveland Bd. of Edu. v. Loudermill*, 470 U.S. 532, 545 91985).  Confrontation of adverse witnesses, assistance of counsel, and a jury trial are not required. *Id*.

Va. Code §§ 19.2-152.13 to 19.2-152.17 provide that at the hearing the court must first find probable cause, or by clear and convincing evidence that the person poses a risk of imminent personal injury to himself or others before ordering the weapons seized. *Id*.  The statutory provisions provide that the court shall consider any relevant evidence in making its initial probable cause determination.

Va. Code §§ 19.2-152.13 to 19.2-152.17 do not restrict Draego's right to bear arms, use arms in defense of his home, or restrict his right to bear arms or use arms for more than fourteen or one hundred and eighty days.

In addition, Brackney has not filed a petition in any court in order to commence a proceeding under Va. Code §§ 19.2-152.13 to 19.2-152.17.

In order to survive a Rule 12(b) (6) motion to dismiss, a complaint must set forth a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. The allegations of this Complaint, although assumed to be true, are inadequate to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. The factual allegations in the Complaint do not have facial plausibility that allows the Court to draw reasonable inference that the defendants are liable for the misconduct alleged. *Tobey v. Jones*, 706 F.3d. 379, 387 (4th Cir. 2013), citing *Iqbal*, 556 U.S. at 678. The allegations of this Complaint are nothing more than legal conclusions and allegations of possible misconduct that fail to state plausible claims of entitlement to relief. *Id*, at 678.

## CONCLUSION

For all of the reasons stated above, Defendant RaShall M. Brackney requests the Court to sustain her Motions to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the allegations of the Complaint lack subject matter jurisdiction and fail to state valid claims upon which relief can be granted against her.

RaSHALL  M. BRACKNEY,

By: _____/s/_____
Of Counsel

John A. Conrad (VSB No. 17640)
*Counsel for RaShall M. Brackney*
The Conrad Firm
1520 W. Main Street, Suite 204
Richmond, Virginia  23220
(804) 359-6062 (phone)
(804) 359-6064 (fax)
jconrad@theconradfirm.com

John C. Blair, II
*Counsel for RaShall M. Brackney*
Charlottesville City Attorney
605 East Main Street
Charlottesville, Va. 23220
(434) 970-3131
blairjc@charlottesville.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, who will then send notification of such filing to the following:

Blaire Hawkins O'Brien (VSB No. 83961)
Assistant Attorney General
Office of the Attorney General
202 N. 9th Street
Richmond, VA  23219
mhawkins@oag.state,va.us

A. Anne Lloyd (VSB No. 79105)
Assistant Attorney General
Office of the Attorney General
202 N. 9th Street
Richmond, VA  23219
alloyd@oag.state.va.us

And I have *emailed and mailed, postage prepaid*, a copy of same to the *pro se* Plaintiff, Joseph Draego as follows:

Joseph Draego
730 Montei Drive
Earlysville, VA  22935
jdraego11@hotmail.com

_____ /s/ _____
John A. Conrad (VSB No. 17640)
*Counsel for RaShall M. Brackney*
The Conrad Firm
1520 W. Main Street, Suite 204
Richmond, Virginia  23220
(804) 359-6062 (phone)
(804) 359-6064 (fax)
jconrad@theconradfirm.com